[No. 79691-2. En Banc.]

Considered June 7, 2007.     Decided June 14, 2007.

BELFOR USA GROUP, INC., *Respondent*, v. ARTHUR THIEL
ET AL., *Petitioners*.

*George Fearing* (of *Leavy, Schultz, Davis & Fearing*) for petitioners.

*Stacey Fitzpatrick* (of *Graff Murphy, PLLC*) and *Jerret E. Sale* (of *Bullivant Houser Bailey, PC*), for respondent.

¶1 PER CURIAM — We consider here whether the Court of Appeals properly awarded attorney fees to Belfor USA Group, Inc., after Belfor succeeded in compelling arbitration under its contract with Arthur and Shelley Thiel. Concluding that fees are not contractually authorized at this stage of the proceedings, we reverse the attorney fees award.

¶2 The Thiels hired Belfor to perform repairs to their damaged residence. They memorialized their agreement on a standard contract form provided by Belfor. After performing the repairs, Belfor sued the Thiels to collect under the contract. The Thiels counterclaimed for defective workmanship. Discovery ensued, but six months after filing suit, Belfor filed a motion to compel arbitration under the terms of the agreement. The Thiels resisted arbitration, but the trial court stayed the proceedings and compelled arbitration. The Thiels sought discretionary review of that order. A Court of Appeals commissioner denied the motion for discretionary review and awarded Belfor attorney fees incurred in defending the motion. The Thiels filed a motion to modify the commissioner's ruling, objecting to the attorney fee award. A panel of the court denied the motion, and we now grant the Thiels's motion for discretionary review.

¶3 Generally, an appellate court may award attorney fees if the applicable law grants the prevailing party a right to recover fees. RAP 18.1. RCW 4.84.330 provides that if a contract provides that attorney fees are available in an action to enforce the agreement, such fees shall be awarded to the prevailing party, who is "the party in whose favor final judgment is rendered." The contract here provided: "If

for any reason the amount due under this Work Authorization is not paid when due, the Contractor shall be entitled to his expenses and attorneys fees incurred in the collection of this agreement."

¶4 While Belfor prevailed in compelling arbitration in accordance with the contract, Belfor has not yet prevailed in collecting under the contract. Since the contract provides for fees incurred only in collecting under the contract for the amount due (as opposed to fees for enforcing a contractual term), Belfor is not entitled to attorney fees only for successfully compelling arbitration. *See, e.g., Hindquarter Corp. v. Prop. Dev. Corp.*, 95 Wn.2d 809, 815, 631 P.2d 923 (1981) (landlord not entitled to fees for prevailing in litigation regarding lease renewal because contract provided fees only for curing defaults). Nothing herein should be construed to mean that if Belfor prevails in arbitration, the arbitrator may not award Belfor all attorney fees incurred to that date in collecting under the contract. But at this point, Belfor is not yet a "prevailing party" for purposes of the contract's attorney fees provision.

¶5 We reverse the award of attorney fees to Belfor.